IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **HILLYARD, INC.,** ) | |
| **HILLYARD INDUSTRIES, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 11-06077-CV-SJ-DGK |
| ) | |
| **GOJO INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action involves the disclosure of certain confidential documents, things, testimony or information that constitute sensitive personal, business, commercial or financial information of the parties that is not publicly available, including but not limited to trade secrets, know-how, proprietary data, research, development, customer and supplier lists, and pricing information within the meaning of Federal Rules of Civil Procedure, Rule 26(c); and

WHEREAS the parties desire to prevent unnecessary dissemination or disclosure of any such confidential information; the Court hereby enters the following Protective Order to prevent unnecessary dissemination or disclosure of such confidential information. As used herein, the term "Party" or "Parties" shall mean any current or former party to this action, and any non-party who opts into this Protective Order by signing the undertaking attached as Exhibit A.

IT IS HEREBY ORDERED as follows:

1.  This Protective Order shall apply to all information, documents, testimony and things within the scope of discovery of this action that are in the custody or possession of the Parties which are designated as confidential information pursuant to the following provisions by the Party producing the information including, but not limited to documents and things

responsive to a subpoena, request for production of documents, written interrogatories, or request for admission, as well as testimony adduced at depositions, and hearing or trial transcripts.

2. The Parties shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL." Documents and things that constitute or contain CONFIDENTIAL INFORMATION shall be labeled or marked with the appropriate legend when the document or thing is produced to the Party or Parties seeking discovery. The designations of "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" by a Party constitutes the representation of the Party that it reasonably and in good faith believes that the designated material constitutes sensitive personal, business or commercial financial information, within the meaning of Rule 26(c), that is not publicly available, including but not limited to trade secrets, know-how, proprietary data, research, development, customer and supplier lists or pricing information, that has previously been maintained in confidence, or, if newly created, will be maintained in confidence. The designations of "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" do not mean that the document has any status or protection by statute or otherwise except to the extent and for purposes of this Order. Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL INFORMATION subject to this Protective Order unless agreed by all Parties or ordered by this Court.

3. Testimony adduced at depositions upon oral examination of a Party or current or former directors, officers, employees or agents of a Party that constitutes or contains CONFIDENTIAL INFORMATION may be so designated at the time such live testimony is given or within ten (10) days after a deposition transcript is provided to the Party. The Party seeking to protect deposition testimony shall designate the specific page(s) and line(s) that it believes contains or constitutes CONFIDENTIAL INFORMATION. The Parties agree to treat all testimony adduced at each deposition as being confidential at least until ten (10) days after the deposition transcript is provided. If notice is timely received prior to the expiration of such ten

days that a Party has designated a transcript page and line as "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL," such testimony shall be deemed CONFIDENTIAL INFORMATION pending objection under the terms of this Protective Order. All other testimony shall not be subject to this Protective Order.

4. If a Party or third party, through inadvertence, produces or provides discovery of any CONFIDENTIAL INFORMATION without labeling or marking it with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" as provided in ¶ 2 of this Protective Order, the producing party may, within ten (10) days of learning of the inadvertence, give written notice to the receiving party that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and unless such designation is successfully challenged pursuant to ¶ 5 of this Protective Order, the receiving party shall treat such documents, things, information, responses and testimony as CONFIDENTIAL INFORMATION, and shall mark the documents or things accordingly and so notify the producing party. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to a person not authorized to receive CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

5. The acceptance of material designated "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL," shall not constitute an admission or concession, or permit an inference, that such material is, in fact, confidential. Any Party may challenge the confidential designation of material as not confidential by sending notice in writing to the producing party stating the bases for such challenge. The producing party shall have fourteen (14) days after receipt of the written challenge to object in writing to the challenge. If no written objection is sent to the challenging party within fourteen (14) days after the producing party's receipt of the challenge, any objection will deemed to be waived and the challenged material shall become non-confidential. If a timely objection is made, before filing any motions to declassify a confidential designation, the challenging party shall have an obligation to meet and confer in a good faith effort to resolve the

3

objection by agreement. If an agreement is reached confirming or withdrawing the confidential designation, the designating party shall serve on all parties a notice specifying the documents and nature of agreement. If no agreement is reached, the challenging party may file a motion with the Court to declassify the document. The producing party shall have the burden of establishing that the CONFIDENTIAL INFORMATION should not be declassified. Nothing in this Order or any action or agreement of the parties under this Order limits the Court's power to make appropriate orders with respect to the use and disclosure of any document produced or used in discovery or at trial.

6. Material designated CONFIDENTIAL INFORMATION, including all information derived there from and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence, shall not be made public by any Party or person entitled under the terms of this Protective Order to access such material, and shall not be used for any purpose other than to prepare for and to conduct discovery and trial in this action including any appeal thereof.

7. CONFIDENTIAL INFORMATION may be offered into evidence at any hearing, to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to the requirements below and to any further order regarding confidentiality that this Court may enter.

8. Disclosure of material that has been designated CONFIDENTIAL INFORMATION in this Protective Order shall be limited to the following, unless and until this Court rules to the contrary:

    (a) Parties and employees, officers, directors, partners, or members of each Party to this litigation;

    (b) Counsel of record for a Party, including the stenographic, clerical and paralegal employees and agents of said counsel whose duties and responsibilities require access to any confidential information;

(c) "Outside Consultants" and "Experts" to any Party, who are not employees of any of the Parties to this action, and who are not employees of any past and present divisions, subsidiaries, parents, and affiliates of any of the Parties to this action, whose advice and consultation are being or will be used by the Party in connection with the prosecution or defense of this action, but such disclosure is to be limited to a "need-to-know" basis;

(d) Court reporters and recorders engaged for depositions; and

(e) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the undertaking contained in Exhibit A.

If a Party's counsel wishes to disclose CONFIDENTIAL INFORMATION to outside Consultants and Experts pursuant to subpart (c) above, that Party's counsel shall first obtain a signed Undertaking in the form of the annexed "**Exhibit A**" from each such Consultant or Expert who would require access to material designated CONFIDENTIAL INFORMATION. Counsel intending to disclose such material shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals, and a copy of each such Undertaking shall be made available at the deposition of any such person who is deposed. An Undertaking signed by a testifying Expert shall be seasonably produced to opposing parties. An Undertaking signed by an outside Consultant shall be maintained until the conclusion of this action, including all appeals, at which time it shall be produced to opposing counsel.

9. In the event that the Parties desire to provide access to or disseminate CONFIDENTIAL INFORMATION to any person not otherwise entitled to access under this Protective Order, the Requesting Party must first seek approval from the other party, who reserves the right to withhold any agreement. Any agreement reached must be stated in writing. If no agreement is reached, the Requesting Party may move the Court for an Order that such person be given access thereto. In the event that the motion is granted, such person may have

5
Case 5:11-cv-06077-ODS   Document 76   Filed 12/22/11   Page 5 of 12

access to CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel seeking disclosure of such CONFIDENTIAL INFORMATION shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals, and shall notify all other Parties of the execution of such undertaking.

10. Documents stamped "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" and any other CONFIDENTIAL INFORMATION may be used or referred to in a deposition subject to the following:

(a) Any Party may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose CONFIDENTIAL INFORMATION to any person identified in ¶ 8.

(b) Any Party may, during the course of a deposition, disclose CONFIDENTIAL INFORMATION to a deponent for any purpose, provided that prior to the commencement of the deposition, the questioning Party obtains from the deponent a signed Undertaking in the Form annexed as "**Exhibit A**." All disputes regarding whether a witness may or may not be shown specified documents at a deposition or in preparation for a deposition may be resolved by the filing of an appropriate motion with the Court but shall not cause the interruption or suspension of any deposition.

11. CONFIDENTIAL INFORMATION may be used or referred to in any court filing subject to the following:

(a) To the extent that a Party discloses the contents of any CONFIDENTIAL INFORMATION in a brief, memorandum or pleading, such brief, memorandum or pleading shall be filed under seal in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Each Party to this litigation authorizes the

6
Case 5:11-cv-06077-ODS   Document 76   Filed 12/22/11   Page 6 of 12

movant to represent to the Court that it has no objection to a motion for leave to file under seal any brief, memorandum, or pleading that discloses the content of any CONFIDENTIAL INFORMATION.

(b) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(c) Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL DOCUMENTS SUBJECT TO PROTECTIVE ORDER", displaying the case name, docket number, the title of the pleading to which it relates, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judge's chambers.

12. All hearings and trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during a hearing or the trial. If a party intends to present at a hearing or trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of the hearing or trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL

INFORMATION. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

13. The parties agree that if a Party inadvertently discloses privileged or trial preparation materials, it must notify the requesting party of such disclosure promptly after learning of the inadvertent disclosure. Additionally, any Party who receives documents produced in this litigation that the Receiving Party reasonably believes might constitute an attorney-client privileged or work product protected document, shall promptly so notify the Producing Party.

Upon receipt of notification from the Producing Party that privileged or trial preparation materials were inadvertently produced, or upon belief that material has been inadvertently produced, the party receiving such material shall return, sequester or destroy – at the producing party's election – all such information and copies, may not use or disclose this information; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.

14. If CONFIDENTIAL INFORMATION is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party becoming aware of such disclosure shall immediately inform the Producing Party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as confidential and demand that it be returned.

15. Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, from applying to this Court for relief therefrom, or from applying to this Court for further or additional protective orders, or from modification by the Court on its own motion, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court. It is expressly understood between counsel for the parties that the category of personnel set forth in ¶ 8 *supra*, may be increased by


agreement made in writing by the Parties or upon a showing, subject to the approval of this Court, by any Party that such modification is necessary.

16. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION deemed by counsel for the Party possessing such material to be protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or by a protective order other than this Protective Order.

17. This Protective Order shall not preclude the parties from enforcing their rights against any other Party or any non-party believed to be violating their rights in respect to the disclosure of materials or information designated or deemed in this action to be CONFIDENTIAL INFORMATION. Any corporation or entity which is affiliated with any of the Parties and which produces documents or information responsive to the Parties' discovery requests is a third-party beneficiary of this Protective Order and Nondisclosure Agreement and may pursue all civil remedies available to it for breach thereof.

18. The restrictions and obligations set forth herein relating to material designated "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL" shall not apply to any information which: (a) the Parties agree should not be designated as "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL"; (b) the Parties agree, or this Court rules, is already a matter of public knowledge; (c) the Parties agree, or this Court rules, has become a matter of public knowledge other than as a result of disclosure by the Receiving Party, its employees or agents in violation of this Protective Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the production by a Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another. The burden of proving prior knowledge is upon the Party asserting such prior knowledge. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated "CONFIDENTIAL MATERIAL," or "CONFIDENTIAL" if that person already has or obtains legitimate possession thereof.

19. This Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom confidential information is disclosed hereunder.

20. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the Producing Party all materials and documents containing CONFIDENTIAL INFORMATION, and to certify to the Producing Party such destruction or return. At such time the Parties may also become obligated, on request, to provide the opposing Party copies of all signed Undertakings in the form of **Exhibit A** hereto. However, outside counsel for any Party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

21. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document issue.

22. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

DATE: December 22, 2011.

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

10
Case 5:11-cv-06077-ODS   Document 76   Filed 12/22/11   Page 10 of 12

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| **HILLYARD, INC.,** and <br> **HILLYARD INDUSTRIES, INC.,** <br><br> Plaintiffs, <br><br> vs. <br><br> **GOJO INDUSTRIES, INC.,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11-CV-SJ-06077-DGK <br> ) <br> ) <br> ) <br> ) |

## **EXHIBIT A**

  UNDERTAKING OF _____
STATE OF _____  )
           )  ss:
COUNTY OF _____ )

  I, being duly sworn, state that:

  1.  My present address is _____. My present employer is _____, and the address of my present employer is _____ _____. My present occupation is _____.

  2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

  3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-entitled action, any confidential information, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

11
Case 5:11-cv-06077-ODS   Document 76   Filed 12/22/11   Page 11 of 12

4. I will return all confidential information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by a court, and that the producing party may assert other remedies against me. I hereby submit to the personal jurisdiction of the United States District Court for the Western District of Missouri for the purpose of enforcement of the Protective Order in this action.

Date: _____ _____